IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MCKINLEY HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-02804-MSN-atc |
| ) | |
| SHELBY COUNTY HEALTHCARE ) | |
| CORPORATION a/k/a THE REGIONAL ) | |
| MEDICAL CENTER AT MEMPHIS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

On November 9, 2022, the Court entered an Order to Show Cause in which it required *pro se* Plaintiff McKinley Horton to show cause, "by December 9, 2022, why this case should not be dismissed for failure to prosecute." (ECF No. 22, at 3.)[1] Horton has failed to respond to the Order to Show Cause, and his deadline to do so has passed. For the following reasons, this Court recommends dismissal without prejudice of Horton's complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I.   **PROPOSED FINDINGS OF FACT**

On August 23, 2022, the Court set this matter for a scheduling conference to take place via Microsoft Teams at 3:00 p.m. on September 19, 2022. (ECF No. 15.) On September 16, 2022, Defendant Shelby County Health Care Corporation, d/b/a Regional One Health ("ROH"),

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

filed its Report of Parties' Planning Meeting and Proposed Discovery Plan. (ECF No. 16.) In that filing, ROH's counsel explained that she called Horton on September 14, 2022, in an attempt to confer consistent with the parties' obligations under Federal Rule of Civil Procedure 26(f), but "Plaintiff was not prepared to discuss the deadlines and discovery plan but instead indicated he was attempting to retain counsel and may need to postpone the scheduling conference." (*Id.* at 1.) When ROH's counsel called Horton two days later to find out if he had retained counsel or sought to postpone the scheduling conference, she could not reach him. (*Id.* at 1.)

On the day the remote scheduling conference was to take place, contrary to the Court's instruction, Horton appeared in person. The Court directed Horton to call into the conference on his cellular phone and conducted the proceeding via Teams. (ECF No. 17.) Horton told the Court he was attempting to secure a lawyer. (*Id.*; ECF No. 18.) The Court granted Horton an additional thirty days, i.e., until October 19, 2022, to do so, explaining that it would "reset the scheduling conference at the expiration of that deadline, whether or not Horton has secured counsel." (ECF No. 18.) The Court also granted Horton's request that future proceedings, including the yet-to-be-reset scheduling conference, be conducted in person. When Horton indicated that the setting had conflicted with his work schedule, the Court explained that he could have filed a motion for resetting and that he should do so if a conflict arose in the future. The Court emphasized multiple times that Horton must abide by the Court's Local Rules and the Federal Rules of Civil Procedure, must read everything the Court enters on the docket, and must follow the Court's instructions.

No attorney entered an order of appearance by October 19, and, on October 27, the Court entered a Notice of Setting for an in-person scheduling conference on November 8, 2022. (ECF No. 19.) That notice required the parties to "jointly file their Rule 26(f) Report on the case

docket AND email their joint proposed scheduling order in Word format by November 4, 2022." (*Id.* at 1.) On November 4, 2022, ROH filed its Second Report of Parties' Planning Meeting and Proposed Discovery Plan. (ECF No. 20.) In that report, counsel for ROH explained that she attempted to confer with Horton via telephone on November 1 and 3, 2022. (*Id.* at 1.) According to ROH, "Plaintiff indicated he had retained counsel but did not have his attorney's name or contact information. Plaintiff indicated he would have his attorney contact counsel for Defendant." (*Id.*) Neither Horton nor any attorney representing him contacted counsel for ROH before she filed the Rule 26(f) report. (*Id.*)

Counsel for ROH appeared for the scheduling conference on November 8, 2022, but Horton did not appear. (ECF No. 21.) Court personnel called and texted Horton and left messages with him after the conference's scheduled starting time. Horton did not answer or return the calls, and, to date, he has made no attempt to respond to the Court's messages.

Following Horton's failure to appear at the scheduling conference, the Court entered its Order to Show Cause, which required a response from Horton by December 9, 2022. (ECF No. 22.) The Order explained that, "[g]iven Horton's failure to appear at the scheduling conference or to move to the have the conference reset, his apparent failure to fulfill his Rule 26(f) obligations, and his representations to opposing counsel that he has retained counsel though no counsel has appeared on his behalf, it is unclear whether Horton intends to continue with his case." (*Id.* at 3.) The Court further explained that "[a] failure to abide by this or any other order of the Court may result in Horton facing sanctions under Federal Rules of Civil Procedure 37 and 41, up to and including dismissal of his action." (*Id.*) To date, the Order to Show Cause remains unanswered, and no attorney has appeared on Horton's behalf.

**II.     PROPOSED CONCLUSIONS OF LAW**

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or a court order. The rule provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). The Rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 569–70 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). Ultimately, dismissal under Rule 41(b) is warranted where the plaintiff exhibits a "clear record of delay or contumacious conduct" and "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted). These "'controlling standards should

4

be greatly relaxed' for Rule 41(b) dismissals without prejudice where 'the dismissed party is ultimately not irrevocably deprived of his [or her] day in court.'" *Wilson v. Shelby Cnty. Div. of Corr.*, No. 2:20-cv-02385-TLP-tmp, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)).

Evaluating these four factors reveals that dismissal of Horton's claims is the only appropriate sanction. As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). Horton has repeatedly demonstrated a reckless disregard for the effect of his conduct on the proceedings before this Court, first by failing to fulfill his Rule 26(f) obligations before the initial scheduling conference, next by failing to adequately confer with opposing counsel before the November 8 scheduling conference (telling ROH's counsel only that he had retained counsel without identifying that lawyer), then by failing to attend the November 8 scheduling conference, and finally by failing to respond to the show cause order. Horton's failure to prosecute this lawsuit has resulted in multiple delays and disruptions, including preventing the Court from even setting a schedule in the case. Based on Horton's failure to engage in the fundamental elements of litigation required by the Local and Federal Rules, as well as his disregard of this Court's orders, the first factor is more than satisfied, favoring dismissal.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the

5

plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). Defendant has been prejudiced by Horton's conduct in this case. As described above, Defendant's counsel has attended two scheduling conferences, neither of which resulted in a schedule being entered because Horton was unprepared for the first and absent for the second. *See Lacey v. Wells Fargo, N.A.*, No. 2:14-CV-02091-SHL-tmp, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining that "defendants have suffered prejudice as they have retained counsel and expended the cost of attending the multiple scheduled show cause hearings and scheduling conferences, which Plaintiffs failed to attend"). Defendant prepared and submitted both Rule 26(f) reports with little to no input from Horton. *See* Fed. R. Civ. P. 26(f)(2) ("The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan."). Defendant's counsel has repeatedly phoned Horton to discuss the joint discovery plan, to no avail, and Horton ultimately stopped answering her calls, further illustrating a lack of good faith and a waste of Defendant's time, money, and effort. Defendant has been prejudiced by Horton's conduct, supporting dismissal.

The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). At the first scheduling conference the Court explained repeatedly to Horton that he was required to adhere to the Court's Local Rules and the Federal Rules of Civil Procedure, to read everything the Court enters on the docket, and to follow the Court's instructions. Then, after Horton failed to attend the second scheduling

conference, the Court warned him in the show cause order that a failure to respond could result in sanctions, which included dismissal of his action. (ECF No. 22, at 3.) Horton has had prior notice that his continuing failure to prosecute his case may result in his case being dismissed, which also supports dismissal under Rule 41(b).

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Instead, in circumstances such as these, where a plaintiff ignores orders of the Court and fails to prosecute his case, dismissal is appropriate. *See Lee v. Glaxosmithkline, LLC*, No. 2:12-CV-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff "failed to comply with several orders of the Court including to appear at a Rule 26(b) scheduling conference and to respond to an Order to Show Cause"); *Bass v. Leatherwood*, No. 13-2882-JDT-tmp, 2014 WL 1665205, at *2 (W.D. Tenn. Apr. 24, 2014) (finding dismissal under Rule 41(b) appropriate where a plaintiff, inter alia, failed to participate in a Rule 26(f) planning meeting, failed to appear for a scheduling conference, and failed to respond to an order to show cause). Accordingly, the Court recommends dismissal of Horton's claims, rather than a lesser sanction. All four factors weigh in favor of dismissal of this action, and dismissal is therefore recommended.

It is further recommended that the dismissal be without prejudice, which "balances the Court's interest in docket management with the public policy interest of deciding cases on their merits." *Muncy*, 110 F. App'x at 556 n.5. Dismissal without prejudice "is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se." *Clayborn v. Lee*, No. 3:22-CV-00458, 2022 WL 17420375, at *4 (M.D. Tenn. Dec. 5, 2022)

(citing *Schafer*, 529 F.3d at 737).  Nonetheless, "the Sixth Circuit 'recognize[s] that dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where . . . the limitation period ended and Plaintiffs' suit is now time-barred.'"  *Northcutt v. Tennessee Dep't of Treasury*, No. 3:21-CV-00823, 2022 WL 1056419, at *2 (M.D. Tenn. Apr. 8, 2022) (quoting *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001)).  As the court in *Northcutt* recognized, however, dismissal without prejudice may have a harsh effect under these circumstances where a statute of limitations may be at issue, but "the Court lacks other appropriate, less drastic sanctions at this time."  2022 WL 1056419, at *4.

### III.    RECOMMENDATION

For the foregoing reasons, this Court recommends that Plaintiff's claims against Defendant be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Respectfully submitted this 14th day of December, 2022.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.