IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MCKINLEY HORTON,

    Plaintiff,

v.                                              Case No. 2:21-cv-2804-MSN-atc

SHELBY COUNTY HEALTHCARE
CORPORATION a/k/a THE REGIONAL
MEDICAL CENTER AT MEMPHIS,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND
ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO
PROSECUTE**

---

Before the Court is Magistrate Judge Christoff's Report and Recommendation for Dismissal Without Prejudice for Failure to Prosecute entered December 14, 2022 (ECF No. 23, "Report"). The Report recommends this matter be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

As set forth in the Report, the initial scheduling conference in this matter was reset because Plaintiff indicated he was attempting to hire an attorney. After 30 days, no attorney had entered an appearance for Plaintiff, and the Court entered a Notice of Setting for an in-person scheduling conference before Judge Christoff to be held on November 8, 2022. Plaintiff failed to appear for that scheduling conference, and Plaintiff did not respond to calls or text messages from the Court's personnel. Following the scheduling conference, Judge Christoff entered an Order to Show Cause, which directed Plaintiff to respond by December 9, 2022, and warned Plaintiff that failure to abide

by the order may result in sanctions, including dismissal of his case. As of the date of the Report, the Show Cause Order remained unanswered and no attorney had appeared on Plaintiff's behalf. The Report therefore recommends dismissal of this case. For the reasons set forth below, Report is **ADOPTED**, and this matter is hereby **DISMISSED** without prejudice.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

The Magistrate Judge issued her Report on December 14, 2022. The Report warned that objections were due within 14 days and failure to object may constitute a waiver of objections, exceptions, and any further appeal. To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. Further, to date, there has been no response to the Order to Show Cause and no attorney has entered an appearance on Plaintiff's behalf. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report, and this matter is **DISMISSED** without prejudice.

## CONCLUSION

For the reasons set forth above, the Report is **ADOPTED**, and this matter is **DISMISSED** without prejudice.

**IT IS SO ORDERED**, this 4th day of January, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE